UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL DUGAN,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | Case No.   1:21-cv-153<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Daniel Dugan ("Plaintiff") brings this action against Portfolio Recovery Associates, LLC ("Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This action seeks damages, attorneys' fees, and costs against Defendant for its violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over the claims at issue under 28 U.S.C. § 1331 and 15 U.S.C. § 1692.

3. The Court has personal jurisdiction over Defendant because Defendant does substantial business in this district and the claims at issue arose in this district.

4. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events and/or omissions occurred in this district.

## PARTIES

5. Plaintiff is a resident of Erie County, Pennsylvania.

6. Defendant is a business entity located in Norfolk, Virginia.

7. Defendant's sole business is purchasing and collecting defaulted consumer debt to collect debt for profit.

8. Defendant purchases defaulted consumer debt for pennies on the dollar.

9. Defendant, either directly or indirectly, calls consumers, sends consumers letters, and files lawsuits against consumers.

10. Defendant uses instrumentalities of interstate commerce, such as telephone, mail, and the internet, to collect debt from consumers.

## FACTUAL ALLEGATIONS

11. In 2019, Defendant filed a lawsuit against Plaintiff in an Erie County Magisterial District Court.

12. Defendant claimed it purchased a credit card account (the "Account").

13. Defendant claimed the Account was issued to Plaintiff.

14. Defendant claimed the Account concerned an obligation to pay money arising out of transactions primarily for personal, family or household purposes.

15. Plaintiff hired an attorney to defend the action.

16. The case was eventually appealed to the Erie County Court of Common Pleas.

17. On November 10, 2020, Plaintiff's attorney filed an answer.

18. Months later, in March 2021, Plaintiff received a ten-day notice claiming he was in default.

19. The ten-day notice was false as it claimed Plaintiff was in default, despite the fact that Plaintiff was not in default.

20. Defendant sent the ten-day notice, despite the fact that the answer appeared on the public record, and was publicly available for close to five months, and despite the fact that the answer had been sent to Defendant.

21. The notice also was sent directly to Plaintiff, despite the fact that Plaintiff was not in default, and despite the fact that Defendant had known Plaintiff was represented by an attorney since 2019.

22. Plaintiff was confused when he received the ten-day notice and believed he could fall into default because of the notice, even though this was untrue.

23. Defendant's actions violated Plaintiff's legal rights and caused him injury in fact.

## CLAIM FOR RELIEF
### Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*

24. Plaintiff is a consumer, the Account is a debt, and Defendant is a debt collector under the FDCPA. 15 U.S.C. §§ 1692a(3), (5), (6).

25. The communications described herein were made to Plaintiff without consent, even though Defendant knew Plaintiff was represented by an attorney, in violation of 15 U.S.C. § 1692c.

26. The actions and practices described herein constitute as: debt collection practices that have the natural consequence of harassment, oppression, and abuse, in violation of 15 U.S.C. § 1692d; false, deceptive or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e; and/or unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

27. As a result of Defendants' failure to comply with the provisions of the FDCPA, and the resulting injury and harm it has caused, Plaintiff is entitled to actual damages, statutory damages, and attorneys' fees and costs under 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a. An order awarding actual, statutory, punitive and all other damages available by law, along with pre-and post-judgment interest;

b. An order awarding attorneys' fees and costs;

c. An order declaring Defendant's conduct unlawful; and

d. An order awarding all other relief that is just, equitable and appropriate.

**JURY TRIAL DEMANDED**

Plaintiff requests a jury trial on all claims so triable.

Respectfully Submitted,

Dated: May 25, 2021         By:   */s/ Kevin Abramowicz*
Kevin Abramowicz
Kevin W. Tucker
**East End Trial Group LLC**
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
Tel: (412) 223-5740
kabramowicz@eastendtrialgroup.com
ktucker@eastendtrialgroup.com

*Attorneys for Plaintiff*